UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAMETEK LLC, | No. C-13-02546 RS (DMR) |
| Plaintiff, | **ORDER ON JOINT DISCOVERY LETTER [DOCKET NO. 59]** |
| v. | |
| ZYNGA INC., | |
| Defendant. | |

On October 29, 2013, Plaintiff Gametek LLC ("Gametek") and Defendant Zynga Inc. ("Zynga") filed a joint discovery letter brief regarding Gametek's motion to compel. [Docket No. 59.] The court conducted a hearing on the matter on November 21, 2013. This order summarizes the rulings made by the court on the record during the hearing.

Gametek originally filed a lawsuit against Zynga and ten other defendants in the United States District Court for the Southern District of California. The court dismissed Zynga due to misjoinder. In December 2012, Gametek filed an action solely against Zynga in that same district. In June 2013, the case was transferred to this court on Zynga's motion. The Honorable Richard Seeborg conducted an initial case management conference on September 19, 2013.

In its original suit, Gametek identified nineteen Zynga games that allegedly infringe its patents. On October 24, 2013, Gametek identified one additional infringing game. Gametek now seeks an order compelling Zynga to produce any and all documents responsive to its first set of

interrogatories and requests for production within thirty days. Counsel for Zynga represented that to date, Zynga has made available for inspection all source code for the twenty accused games and has produced all requested financial information for the nineteen original games. Financial information for the twentieth game will be produced within the next seven days. Zynga is in the process of gathering documents in two remaining categories of responsive documents -- game development and marketing -- and will produce such documents on a rolling basis as they become available. Counsel represented that Zynga anticipates substantial completion of its production of documents in these remaining categories by February 2014.

Zynga appropriately phased the production of documents by prioritizing those that are relevant to the core issues of infringement and damages. Zynga's representations regarding further search and production efforts are reasonable. In light of these representations, as well as the fact that the *Markman* hearing is not scheduled to take place for over half a year (June 2, 2014) and Judge Seeborg has yet to set a discovery cut-off date, the court finds that Zynga's document collection, review, and production process has been neither unreasonable nor dilatory. Therefore, Gametek's motion to compel is DENIED. The parties shall meet and confer regarding Gametek's request that Zynga prioritize certain categories of documents in the course of further collection, review, and production of the remaining responsive documents.

IT IS SO ORDERED.

Dated: November 22, 2013



DONNA M. RYU
United States Magistrate Judge