GIBSON, DUNN & CRUTCHER LLP
Wayne Barsky, SBN 116731
  *wbarsky@gibsondunn.com*
Jason Lo, SBN 219030
  *jlo@gibsondunn.com*
Ellen Lin, SBN 251045
  *elin@gibsondunn.com*
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

Attorneys for Defendant Zynga

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GAMETEK LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>ZYNGA INC.,<br><br>            Defendant. | Case No. C 13-02546 RS DR<br><br>**DECLARATION OF JASON LO IN SUPPORT OF ZYNGA'S MOTION FOR ATTORNEY FEES** |

I, Jason Lo, do hereby declare as follows:

1.      I am a partner with the law firm of Gibson, Dunn & Crutcher LLP, which is counsel for Defendant Zynga, Inc.  I am admitted to practice in the State of California.  I submit this declaration in support of Zynga's Motion for Attorney Fees.  I have knowledge of the facts in this declaration, and if called as a witness I could and would testify competently thereto.

2.      Pursuant to Local Rule 54-5(b)(1), I provide the following statement.  As counsel for Zynga, I met and conferred with John Edmonds, counsel for plaintiff GT Gaming f/k/a Gametek LLC on Friday, June 20.  We attempted to resolve any disputes with respect to Zynga's motion for attorney fees.  GT's counsel does not dispute that Zynga is a prevailing party under § 285 but does oppose Zynga's motion.

3.      Pursuant to Local Rule 54-5(b)(2), I provide the following statements.  Zynga seeks fees for Gibson Dunn attorneys Joseph Rose, Cassandra Gaedt, Jordan Bekier, Ellen Lin, Spencer Ririe, myself, and Wayne Barsky and practice assistant Christopher Lewis and paralegals Lareen Massey, Martin Ostrye, and Lolita Gadberry.  Generally, the fees and expenses related to (1) asserting a motion to transfer venue, which the Court granted in favor of Zynga, (2) responding to GT's discovery requests and defending against GT's motion to compel discovery, which the Court denied in favor of Zynga, (3) preparing for claim construction as required by the case schedule, and (4) asserting a motion for judgment on the pleadings, which the Court granted in favor of Zynga.  The attorneys provided legal advice and work such as researching legal issues, drafting briefs, preparing for and arguing motion at hearings, responding to GT's discovery requests, communicating with opposing counsel, and preparing for and defending depositions of Zynga witnesses.  The paralegals provided litigation support such as e-filing documents and preparing documents for depositions and other discovery.

4.      Pursuant to Local Rule 54-5(b)(2), I provide the following statement.  Gibson Dunn has strict time-recording policies in place.  All persons regularly recorded their time via their personal computers (or using the services of support personnel) using an industry-standard legal case management time-recording software as required by firm policy.  I thoroughly reviewed the invoices for fees and expenses before sending to Zynga to confirm each entry reflects appropriately-charged

time. Then, an in-house counsel at Zynga reviewed the fees and expenses. Because of the joint defense group, a large number of in-house counsel from various companies reviewed the same invoices, thus adding an additional layer of review than the typical case.

5. Pursuant to Local Rules 54-5(b)(2) and 54-5(b)(3), I provide the following statement.

| Name | Relevant qualifications and experience | Customary hourly charge to Zynga | Time spent (hours) |
|---|---|---|---|
| Joseph Rose | 3 years practicing patent litigation | $535.00 (as of Jan. 2014); previously $445.00 | 285.70 |
| Cassandra Gaedt | 3 years practicing patent litigation and admitted to practice before the U.S. Patent Office | $535.00 (as of Jan. 2014); previously $445.00 | 1,309.35 |
| Jordan Bekier | 4 years practicing patent litigation | $515.00 (2013 rate; no time billed in 2014) | 459.10 |
| Ellen Lin | 7 years practicing patent litigation and admitted to practice before the U.S. Patent Office | $685.00 (as of Jan. 2014); previously $640.00 | 522.20 |
| Spencer Ririe | 8 years practicing patent litigation and admitted to practice before the U.S. Patent Office | $695.00 (as of Jan. 2014); previously $665.00 | 429.25 |
| Jason Lo | 13 years practicing patent litigation | $797.00 (as of Jan.2014); previously $785.00 | 382.90 |
| Wayne Barsky | 31 years practicing patent litigation | $990.00 | 257.34 |
| Christopher Lewis | 4 years practicing project assistant | $240.00 | 26.30 |
| Lareen Massey | 19 years practicing paralegal | $265.00 | 266.00 |
| Martin Ostrye | 20 years practicing paralegal | $345.00 (2013 rate; no time billed in 2014) | 67.05 |
| Lolita Gadberry | 29 years practicing paralegal | $380.00 (as of Jan. 2014); previously $365.00) | 459.30 |

6. Zynga joined with other Defendants (initially named in the same improperly joined case and then, after the Court granted Defendants' motion to dismiss for misjoinder, sued by GT in separate cases) in a joint defense group to share costs such as attorney fees. Further, due to the

company size of some of the Defendants, their in-house counsel managed this case to a very disciplined budget. The monthly bills would be split equally among the joint defense group members. Even when one case proceeded faster than the others, the joint defense group shared the costs, because, for example, any work in the faster case on invalidating the patent would be used in the other cases. The distribution is reflected in the award that Zynga seeks in this motion, meaning that Zynga is only seeking fees and costs it actually paid (and not the share paid by other companies in the joint defense group).

7. Due to GT settling with some defendants and changes in counsel, Gibson Dunn now represents Zynga as well as Electronic Arts (a defendant in case No. 13-03472, which was also initiated by GT, based on the same '445 patent, and ended with the same judgment against GT) in the joint defense group. Zynga and EA shared some of the attached fees and costs.

8. I have knowledge of billing rates of our competitor law firms based on bankruptcy filings and other public information available, and the billing rates here are within the industry-standard range for the type of services provided.

9. A spreadsheet itemizing the fees with daily time entry descriptions and non-taxable costs that Zynga incurred in defending against GT Gaming's allegations is attached as Exhibit A. This exhibit also includes true and correct copies of invoices. We added a red strikethrough for costs that we are not seeking.

10. Pursuant to Fed. R. Civ. P. 54(d)(2)(B), Zynga seeks the amount of $723,521.34 in fees, including nontaxable expenses, and interest.

11. Attached as Exhibit 1 is a true and correct copy of the New York Times article from the newspaper website.

12. Attached as Exhibits 2-4 and 5-9 are true and correct copies of documents produced by Plaintiff GT in this case.

13. Attached as Exhibit 10 is a true and correct copy of the title page and excerpts from the American Intellectual Property Law Association, *Report of the Economic Survey 2013.*

14. Attached as Exhibits 11-55 and 57-61 are true and correct copies of emails received and sent by attorneys at my law firm.

15. Attached as Exhibit 56 is a true and correct copy of the 30(b)(6) notice sent by GT.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 30, 2014                    By: /s/ Jason Lo

                                            Jason Lo